IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOL ANGELES RODRIGUEZ,

    Plaintiff,

    v.

ASIFAL, ET AL.,

    Defendants.

**Civil No. 12-1324 (SEC)**

**OPINION AND ORDER**

Before the Court are co-defendant Area Local Sur Central de Inversión en La Fuerza Laboral's ("ASIFAL") motion to dismiss (Docket # 20), the plaintiff's opposition thereto (Docket # 31), and ASIFAL's reply (Docket # 36).[1] After reviewing the filings and the applicable law, ASIFAL's motion is **GRANTED in part and DENIED in part**.

**Factual and Procedural Background**

Sol Angeles Rodríguez ("Plaintiff") was employed on July 1, 1994 by ASIFAL, a consortium organized by the Municipalities of Juana Díaz, Salinas, Coamo, Santa Isabel, and Naranjito for the administration of federally-funded employment/training programs under the Workforce Investment Act, 29 U.S.C. §§ 2801-2945. Docket # 1, ¶ 8. She worked as a Customer Service Technician at ASIFAL's Juana Díaz office. Id. Due to financial

---

[1] Although ASIFAL labeled its motion as one for summary judgment, it is based solely on the complaint and the charge of discrimination. Discovery has not commenced and no affidavit or other factual material has been called to the Court's attention. Therefore, the Court will treat it as a motion to dismiss for failure to state a claim. See P.R. American Ins. Co. v. Burgos, 283 F.Supp. 2d 546 (D.P.R. 2003); 10A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2722, at p. 367 (3d ed. 1998). As explained in the August 19, 2003 Standing Order, this court expects parties to file motions under Rule 56 in a timely manner and only when a given issue is mature for summary judgment disposition.

Civil No. 12-1324 (SEC) Page 2

problems, on November 2010, ASIFAL put into effect a personnel reduction plan under which all employees, except Plaintiff, were transferred to the Santa Isabel's office. Id. ¶¶ 9-10. On June 28, 2011, Plaintiff was informed of her transfer to the Salinas' office, effective July 1, 2011. Id. ¶ 11. At the time of her transfer, Plaintiff was sixty (60) years of age.

On May 9, 2012, Plaintiff brought this suit for alleged age discrimination under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, as well as under the laws of the Commonwealth of Puerto Rico. Three months later, ASIFAL filed the present motion, arguing that Plaintiff had (1) failed to exhaust administrative remedies; and (2) not established that her transfer constituted an adverse employment action. Docket # 20.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether the plaintiffs are entitled to relief, the court must accept as true all "well pleaded facts [and indulge] all reasonable inferences" in their favor. Bell Alt. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Nevertheless, even under the liberal pleading standards of Fed. R. Civ. P. 8, the Supreme Court has held that to survive a motion to dismiss a complaint must allege "enough facts to state a claim to relief that is plausible on its face. Id. at 570. Although complaints need not contain detailed factual allegations, and the plausibility standard is not akin to a "probability requirement," it still asks for more than a sheer possibility that a defendant has acted unlawfully. Id. at 556.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy

of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. First, a court must identify any conclusory allegations in the complaint, as such allegations are not entitled to an assumption of truth. Id. at 677. That is to say, courts must disregard "rote repetition of statutory language," McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217 (1st Cir. 2012), as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 555); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). Put another way, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Second, a complaint survives only if it states a plausible claim for relief. Iqbal, 556 U.S. at 670. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 677, 682. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at 677. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 678. Because "the response to Twombly and Iqbal is still a work in progress," Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012), however, the First Circuit has cautioned that "'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where . . . . 'some of the information needed

may be in the control of [the] defendants.'" Id. (quoting Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012)).

The aforementioned requirements complement a bedrock principle: a complaint must contain enough detail to give "a defendant fair notice of the claim and the grounds upon which it rests." Ocasio-Hernández, 640 F.3d at 8 (citing Fed. R. Civ. P. 8(a)(2)). So, while a complaint must be supported by facts and not mere generalities, "only enough facts to make the claim plausible" are required. Liu v. Amerco, 677 F.3d 489, 497 (1st Cir. 2012). "The place to test factual assertions for deficiencies and against conflicting evidence is at summary judgment or trial." Id. Accordingly, even after Twombly and Iqbal, "[d]ismissal of a complaint under Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández, 640 F.3d at 11.

**Applicable Law and Analysis**

*Exhaustion of Administrative Remedies*

*I. Age discrimination*

ASIFAL avers that Plaintiff failed to exhaust administrative remedies regarding the age discrimination claim. Specifically, ASIFAL posits that "[w]hile plaintiff checked the section marked as 'age discrimination' in the charge form, she relied on an attachment … [that] makes no mention whatsoever of any age discrimination or of any facts related to any such claim." Docket # 20, p. 5. Plaintiff counters this contention by pointing to portions of the charge of discrimination in which she mentions her age discrimination claim. Docket #

31, p. 5.  After reviewing the charge attached to ASIFAL's motion, the Court disagrees with ASIFAL's contention.[2]

The filing of an administrative claim serves several purposes.  "Most importantly, it gives notice to both the employer and the agency of an alleged violation and affords an opportunity to swiftly and informally take any corrective action necessary to reconcile the violation." Thornton v. United Parcel Service, Inc., 587 F.3d 27, 31 (1st Cir. 2009).  The civil complaint is accordingly limited by the charge filed and the investigation which can reasonably be expected to grow out of that charge. Id. (citing Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990)).  That is, the scope of the civil action "is not determined by the specific language of the charge filed with the agency, but rather, may encompass acts of discrimination which the [agency] … investigation could reasonably be expected to uncover.'" Id. at 32 (quoting Davis v. Lucent Technologies, Inc., 251 F.3d 227, 233 (1st Cir. 2001)).

In her EEOC charge, Plaintiff averred that she was discriminated against due to her age, and that younger employees did not experience similar treatment.  Docket # 1; Docket # 30-1.  Specifically, Plaintiff stated that she was transferred to the Salinas' office without proper notice "in a clear case of age discrimination, because [the other employees] are younger persons and there was no valid reason to displace me for other than limitations relevant to my age." Docket #30-1, p. 7. She further stated that "Human Resources Director Ms. Rodríguez, in an act of negligence and omission in compliance with her duty, failed to protect me and my seniority in employment from displacement on the grounds of age." Id.

---

[2] Ordinarily, in considering a motion to dismiss, the Court may consider documents attached to the complaint or expressly incorporated to it. See Watterson v. Page, 987 F.2d 1 (1st Cir. 1993).

at p. 8. "That [the] Executive Director … [and] Human Resources Director knew that I did not depend on my own transportation, but that I travel with fellow workers … and that I would be compelled to use public transportation." Id. at p. 6. Finally, Plaintiff checked the box for discrimination based on age. These allegations provided sufficient notice to ASIFAL about the age discrimination claim set forth in the complaint. Therefore, the Court finds that Plaintiff properly exhausted administrative remedies as to her age discrimination claim and, accordingly, ASIFAL's request on this score is **DENIED**.

II. *Wage reduction*

ASIFAL also contends that, "[f]rom the face of the complaint, it appears that plaintiff is complaining of the across-the-board wage reduction implemented … in the year 2010." Docket # 20, p. 5. ASIFAL thus argues that Plaintiff failed to exhaust administrative remedies with regard to the wage reduction because this claim falls outside the 300-day period of the filing of the charge. Plaintiff did not challenge ASIFAL's contention regarding this claim, not even with an argument in passing.[3] The Court agrees with ASIFAL.

A reduction in salary may constitute an adverse action. Baloch v. Kempthorne, 550 F.3d 1191 (C.A.D.C. 2008) (stating that typical adverse actions in employment discrimination cases include termination, denial of a promotion, and *any reductions in salary or benefit*); Weigold v. ABC Appliance Co., 105 Fed. Appx. 702 (6th Cir. 2004) (providing that examples of adverse employment actions include reductions in salary or job responsibilities). Under ADEA, a plaintiff must file an employment-discrimination charge with the EEOC within 300 days of the alleged discrimination. 29 U.S.C. § 626(d)(1)(b);

---

[3] According to Local Rule 7(b), unless the opposing party files a written objection to a motion, the opposing party shall be deemed to have waived objection.

Rivera-Rodríguez v. Frito Lay Snacks Caribbean, 265 F.3d 15 (1st Cir. 2001); see also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Plaintiff's salary was reduced as of August 16, 2010. Docket # 30-1. The administrative charge was filed on October 25, 2011. Docket # 1, ¶ 7; and Dockets # 20-1 and 32. Since the charge was not filed within 300 days from the date that said reduction became effective, Plaintiff's claim regarding the salary reduction is hereby **DISMISSED with prejudice**.

*Adverse Employment Action*

To establish a prima facie case of age discrimination under the ADEA, the plaintiff must allege that (1) she was at least forty years of age; (2) her job performance met the employer's legitimate expectations; (3) the employer subjected her to an adverse employment action; and (4) the employer had a continuing need for the services the claimant rendered. De La Vega v. San Juan Star, Inc., 377 F.3d 111 (1st Cir. 2004). In the case at hand, ASIFAL questions only whether Plaintiff's lateral transfer constituted an adverse employment action. Docket # 20, p. 3. Thus, the Court turns to the third prong of the prima facie standard.

Lateral transfers, that is, a transfer that does not involve a demotion in some form or substance, *generally* cannot rise to the level of a materially adverse employment action. Marrero v. Goya of P.R., Inc., 304 F.3d 7, 23 (1st Cir. 2002) (quoting Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997)) (emphasis added). Nevertheless, such a transfer could constitute an adverse employment action under certain circumstances. See, e.g. Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999) (holding that a plaintiff who is made to undertake a lateral transfer -that is, one in which she suffers no reduction in salary or

benefits- "does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered an objectively tangible harm"); Hollins v. Atl. Co., 188 F.3d 652, 662 (6th Cir. 1999) (noting that other indices that might be unique to a particular situation can turn what would ordinarily not be an adverse employment action into one); see also Pagán-Maldonado v. Centennial P.R. Communication Corp., No. 09-1389, 2009 WL 4782369, at * 12 (D.P.R. Dec. 8, 2009); Nelson v. University of Maine System, 923 F. Supp. 275, 281 n. 6 (D. Me. 1996).

Here, Plaintiff avers that her transfer constituted an adverse employment action because "after having gone through a work schedule and salary reduction on August 16, 2010, Defendant imposed an even heavier burden on Plaintiff by forcing her to incur in travel expenses since it was well known that Plaintiff didn't have a car." Docket # 31, p. 4. Plaintiff further alleges that she was transferred without proper notice and that, since she does not have a car, she would have to rely on public transportation which would affect her punctuality to work and would exacerbate her known back condition. Docket # 1, ¶¶ 12-13, 17; Docket # 31, p. 3-6.

On particular circumstances, some courts have recognized commute time increases as adverse employment actions.[4] See, e.g., Keeton v. Flying J, Inc., 429 F.3d 259, 265 (6th Cir. 2005) (holding that although a lengthy or even burdensome commute is not *per se* an adverse employment action, a jury could reasonably have found that plaintiff's transfer,

---

[4] The parties have not cited, nor the Court has found any First Circuit decision with regard to this issue.

which increased his commute to the extent that he needed to consider relocation, was an adverse employment action); Fallon v. Meissner, 66 Fed. Appx. 348 (3rd Cir. 2003) (increased commuting costs could constitute a materially adverse consequence if it does not arise from the employee's individual preferences, and instead is "job-related").

In light of the above, Plaintiff's allegations, taken as true and indulging in all inferences in her favor, are sufficient at this stage to support a claim under ADEA. Plaintiff has set forth sufficient facts to establish that a lateral transfer in light of her particular circumstances could constitute an adverse employment action. "Determining whether an action is materially adverse necessarily requires a case-by-case inquiry." Sensing v. Outback Steakhouse of Florida, 575 F.3d 145 (1st Cir. 2009) (citing Blackie v. Maine, 75 F.3d 716, 725-6 (1st Cir. 1996)). The Court acknowledges ASIFAL's argument in passing that Plaintiff's transfer was part of a personnel reduction plan and that the Juana Diaz's office, where Plaintiff worked at before the transfer, was closed down. Nevertheless, ASIFAL does not elaborate on how this could affect the analysis as to whether the transfer was an adverse employment action.[5]

Plaintiff has thus pleaded a plausible cause of action and the Court will allow discovery to begin. At this juncture, the Court cannot responsibly make a conclusive

---

[5] Plaintiff also argues that ASIFAL's actions can be construed as a constructive discharge. A claim of constructive discharge is without merit. A "constructive discharge" has been defined as "'an onerous transfer, having the purpose and effect of forcing the transferred employee to quit the employment.'" Pedro-Cos v. Contreras, 976 F.2d 83 (1st Cir. 1992). Here, Plaintiff has not resigned her position with ASIFAL and, as provided by First Circuit caselaw, "[a] claim of constructive discharge due to a demotion or transfer cannot succeed when a claimant, in fact, has not left employment." Id.

determination on this issue. At a later stage and with a more developed record, ASIFAL may file, if appropriate, a motion for summary judgment. Defendant's request is **DENIED**.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge